# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MAY 1998 SESSION

FILED

July 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9708-CC-00301 |
| Appellee, | ) | |
| | ) | LAKE COUNTY |
| VS. | ) | |
| | ) | HON. J. STEVEN STAFFORD, |
| MELVIN BOYD, JR., | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Motor Vehicle Habitual Offender) |


FOR THE APPELLANT:                    FOR THE APPELLEE:


**G. STEPHEN DAVIS**                  **JOHN KNOX WALKUP**
District Public Defender              Attorney General & Reporter
P. O. Box 742
Dyersburg, TN 38025-0742             **GEORGIA BLYTHE FELNER**
                                      Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493


                                      **C. PHILLIP BIVENS**
                                      District Attorney General
                                      P. O. Drawer E
                                      Dyersburg, TN 38024


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

Following a jury trial, the defendant was found guilty of driving after having been declared a motor vehicle habitual offender pursuant to T.C.A. § 55-10-616. The trial court sentenced him to two years in the Tennessee Department of Correction. He now appeals as of right, challenging the sufficiency of the evidence to support his conviction and arguing that the trial court erred in failing to consider and order an alternative sentence. Finding no merit in the defendant's arguments, we affirm his conviction and sentence.

Ms. Brenda Pruitt testified that on June 3, 1996, she was involved in a traffic accident with the defendant in Lake County, Tennessee. The defendant offered her one hundred dollars ($100) if she would not call the police since he did not have a valid driver's license. Ms. Pruitt refused the money and told the defendant she was going to call the police. The defendant immediately left the scene of the accident, claiming he needed to go to his mother's house. As he left, Ms. Pruitt copied the defendant's license plate number. When the police arrived at the scene of the accident, Ms. Pruitt told the officer what happened and gave him a description of the defendant, a description of the red truck he was driving, and the defendant's license plate number. An investigation into the license plate number revealed that the truck was registered to the defendant. Both the truck and the defendant matched Ms. Pruitt's descriptions. Moreover, Ms. Pruitt positively identified the defendant at trial.

One of the defendant's sons, Eddie, testified that the defendant had sold the truck in question to him prior to June 3, although he was unsure of the date. According to Eddie's testimony, when he bought the truck from the defendant, he

2

replaced the defendant's license plate with a temporary tag, but he could not explain how the license plate number Ms. Pruitt copied traced ownership of the truck that hit her to the defendant. The defendant, his wife, and another of his sons, Shane, also testified at trial that the defendant had sold his truck to his son prior to June 3, but none of them could agree upon the date the defendant supposedly sold the truck, nor could they produce any documentation evidencing the sale or transfer of title. Moreover, Shane and Eddie testified that on June 3, the defendant had been in Lawrenceburg, Tennessee, helping them roof a house. Eddie testified that the truck in question was with them in Lawrenceburg, but Shane testified that the truck was not at the work site on June 3.

The defendant first argues that the evidence presented at trial is insufficient to find him guilty of operating a motor vehicle after having been declared a motor vehicle habitual offender and having his driver's license revoked. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the defendant illustrates how the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the State's witnesses, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

"Any person found to be an habitual offender under the provisions of this part who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect commits a Class E felony." T.C.A. § 55-10-616(b). The State and the defendant agreed to introduce into evidence a copy of a 1990 order declaring the defendant to be a motor vehicle habitual

3

offender and revoking his driver's license as a result.  Thus, the only issue at trial was whether the defendant operated a motor vehicle in Tennessee on June 3, 1996. See id.

Here, there was sufficient evidence for the jury to conclude that the defendant drove a motor vehicle in Tennessee on June 3.  Ms. Pruitt positively identified the defendant as the man who was driving the red truck that hit her car in Lake County, Tennessee, on June 3.  The license plate number she reported to the police was traced to the defendant.  Although the defendant's and his family's testimony was, for the most part, contradictory to the finding of guilt, it was also quite inconsistent.  The jury obviously discredited their testimony, which is its prerogative. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  This issue lacks merit.

The defendant next argues that the trial court erred in denying alternative sentencing.  The burden of showing that the sentence is improper is upon the appealing party.  T.C.A. § 40-35-401(d) Sentencing Commission Comments.  When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness.  T.C.A. § 40-35-401(d).  This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

Because the defendant does not fall within the parameters of T.C.A. § 40-35-102(5) and is a standard offender convicted of a Class E felony, he "is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6).  In this case, even though the trial judge did not expressly state that he began with the presumption that the defendant was a favorable

4

candidate for alternative sentencing, his findings make it clear that the State overcame the presumption by presenting ample evidence of the defendant's long criminal history, which includes prior convictions for driving with a revoked license and driving under the influence; the defendant's unwillingness to comply with the conditions of his prior release in the community; and the defendant's lack of potential for rehabilitation.  Thus, we conclude that a sentence of two years' confinement was appropriate for the defendant. See State v. Toney L. Moore, C.C.A. No. 01C01-9609-CC-00392, Williamson County (Tenn. Crim. App. filed October 16, 1997, at Nashville).

In sum, the evidence in the record is sufficient to support the defendant's conviction and sentence.  Accordingly, the trial court's judgment is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
THOMAS T. WOODALL, Judge

5